IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DOMINIC G. FERNANDEZ,**

    **Plaintiff**,

    v.                                                                                            No. 13cv0868 LH/RHS

**VALERIE ZOMORA,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER
## DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on pro-se Plaintiff Dominic G. Fernandez's *Application to Proceed in District Court without Prepaying Fees or Costs*, a motion to proceed in forma pauperis (hereinafter called "Motion to Proceed IFP"), filed September 9, 2013 (Doc. 2), and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Fernandez, who is currently incarcerated in a state prison, is suing his aunt. Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue," as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. The Court must "dismiss the case" if it determines that any of the conditions in § 1915(e)(2)(B) exist. *See* § 1915(e)(2); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory).

**I. Allegations in the Complaint and attachments.**

According to the Complaint, Sophia Ann Jaramillo was Fernandez's mother, but she is now deceased. *See* Compl. at 3. Defendant Valerie Zomora was Sophia Jaramillo's sister and Fernandez's aunt. *See id.* For "two or three" years, and while Jaramillo was hospitalized, Zomora allegedly took Jaramillo's social-security benefits and emptied her three bank accounts, and used them for Zomora's benefit. *Id.* Fernandez states that Zomora fraudulently prepared a "whole made [sic] power of attorney" to obtain the benefits, even though Fernandez and his mother "went to Social Security and removed" it. *Id.* Fernandez seeks Zomora's criminal prosecution. *See id.* at 4.

**II. Analysis**

It appears that Fernandez, who is incarcerated, is indigent, but because he has failed to state sufficient facts to invoke this Court's subject-matter jurisdiction over his claims, his Motion to Proceed IFP will be denied and his case dismissed. "Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). "[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3); *see Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*.

Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.") (internal citations omitted); *see also Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) ("a district court should not assume the role of advocate for the pro se litigant, and may not rewrite a petition to include claims that were never presented") (citation and internal quotation marks omitted).

Fernandez used a form the Court provides for filing civil-rights claims under 42 U.S.C. § 1983 and he invokes the Court's jurisdiction only under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983. *See* Compl. at 1-2. To invoke the Court's subject-matter jurisdiction under § 1983, a plaintiff must allege facts showing that "some person has deprived him of a federally protected right," and "that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). A review of the allegations in his Complaint shows that Fernandez is seeking Zomora's criminal prosecution; that Fernandez indicates that Zomora was not "acting under color of state law;" and that none of the allegations indicate that Zomora was acting for, or on behalf of, the state. *See* Compl. at 1-4.

> [A] plaintiff's failure to properly allege a "state action" in a § 1983 complaint strips the district court of subject matter jurisdiction . . . if jurisdiction is alleged under 28 U.S.C. § 1343(3). *See Elliott v. Chrysler Fin.*, 149 Fed. Appx. 766, 768-69 (10th Cir.2005); *see also Monks v. Hetherington*, 573 F.2d 1164, 1167 (10th Cir. 1978) ("There is no demonstration of state action and, therefore, no basis for civil rights jurisdiction [pursuant to 28 U.S.C. § 1343(3)] in the case at bar.").

*Mehdipour v. Matthews*, 386 F. App'x 775, 778 n.3 (10th Cir. 2010) (second alteration in original). Because Fernandez has not alleged sufficient facts demonstrating that Zomora is a state actor, he has failed to invoke this Court's subject-matter jurisdiction under § 1343(3) and § 1983, and his Complaint must be dismissed.

In addition, Fernandez's Complaint alleges that the parties reside in New Mexico, *see* Compl.

at 1, thus he alleges no facts to establish federal diversity jurisdiction. Further, he has no standing to initiate a criminal prosecution against Zomora. *See Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another") (internal quotation marks omitted). Fernandez may report his aunt's allegedly fraudulent acts to the Social Security Administration and/or to the New Mexico Attorney General, but he cannot prosecute criminal charges against her.

**IT IS ORDERED THAT** Fernandez's Motion to Proceed IFP [Doc. 2] is **DENIED** and that his Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**